**Jerry GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 136–97.

Court of Criminal Appeals of Texas, En Banc.

March 18, 1998.

Richard J. Segura, Jr., Austin, for Appellant.

Grant Sparks, Asst. Dist. Atty., Georgetown, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge, delivered the unanimous opinion of the Court.

Appellant was arrested for driving while intoxicated. At the pretrial hearing, Appellant's motions to suppress evidence were denied. Pursuant to a plea agreement, Appellant pled no contest. Appellant was sentenced to confinement in the county jail for six months and assessed a fine of $2,000.[1] Appellant appealed the trial court's adverse ruling on his pretrial motions to suppress evidence. The Court of Appeals affirmed his conviction. *Gonzales v. State,* No. 03–95–00266–CR slip op. (Tex.App.—Austin Nov.20, 1996) (not published). We granted Appellant's petition for discretionary review[2] to determine whether the Court of

---

1. The jail time and $1,250 of the fine were probated for two years.

2. Appellant's sole ground for review is: "The Third Court of Appeals erred in holding that a

Appeals erred in holding that it need not address whether a blood test taken at the request of law enforcement was obtained in violation of Appellant's rights because the results of the blood test were not admitted into evidence.

## I.

The pretrial hearing provided the only opportunity to develop the facts. At the hearing, Department of Public Safety Trooper Lewis Hodges testified that on July 23, 1994, he was dispatched to a one car accident. Upon arrival, Hodges observed that a car had run off the road and struck a tree. EMS personnel were assisting Appellant, who was lying on the side of the road. After talking briefly with Appellant and two passengers, Hodges determined that Appellant had been driving the vehicle. While talking to Appellant, Hodges detected the odor of alcohol on his breath, and observed that Appellant was slurring his speech. Appellant was transported to the local hospital, where Hodges administered the horizontal gaze nystagmus (HGN) test and asked Appellant to recite the alphabet. Appellant failed all six points of the HGN test. Although Appellant recited a portion of the alphabet correctly, Hodges observed that his speech was slurred and towards the end of the alphabet his voice "trailed off" to the point that Hodges could not understand what he was saying. Hodges informed Appellant that he was under arrest for driving while intoxicated. Appellant then submitted to a blood test; hospital personnel drew the blood, which Hodges submitted to the DPS lab.

At the pretrial hearing, Appellant presented motions to suppress evidence and discovery motions. Appellant's motion to suppress the blood test asserted that suppression was proper because (1) Appellant was not under arrest when the blood was drawn; (2) the

trooper did not have probable cause to arrest Appellant for driving while intoxicated; (3) the trooper did not have statutory authority to arrest Appellant without a warrant; (4) Appellant did not consent to the blood test but simply "acquiese[d] to the officer's claim of lawful authority;" and (5) the "warrantless seizure of the blood" violated Appellant's constitutional rights because he had a reasonable expectation of privacy in his blood. The judge denied Appellant's motions to suppress. In exchange for a favorable sentencing recommendation, Appellant pled no contest to the charge of misdemeanor driving while intoxicated, with the understanding that the law allowed him to appeal the denial of his pretrial motions.

Former Texas Rule of Appellate Procedure 40(b)(1), now revised Rule 25.2(b)(3),[3] and Article 44.02 of the Texas Code of Criminal Procedure provide that a defendant who pleads guilty or nolo contendere may appeal matters raised pretrial in written motions. Appellant appealed the denial of his written pretrial motion to suppress.

In his second and third points of error before the Court of Appeals, Appellant claimed the trial court erred in not granting his motion to suppress because even if probable cause existed to believe Appellant was intoxicated, the officer was required to obtain an arrest warrant; and even if probable cause existed to authorize an arrest for public intoxication, a blood sample is not required pursuant to a public intoxication arrest. The Court of Appeals did not address the merits of these points of error. Instead, the Court of Appeals held that because the results of the blood test were not admitted into evidence, "even if we were to find that an unlawful arrest was made, reversible error has not been shown because no unlawfully obtained evidence was admitted." The court reasoned that reversible error is not

misdemeanor D.W.I. defendant must have evidence which the defendant sought to be suppressed, introduced, admitted, and used against him in order to appeal his written pretrial motions."

**3.** The revised Rule 25.2(b)(3)(B) is substantively identical to the former rule. Rule 25.2(b)(3)(B) reads:

But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must: specify that the substance of the appeal was raised by written motion and ruled on before trial[.]

based upon the unlawful arrest itself, but the admission of the fruits of that unlawful arrest.

## II.

Appellant claims the Court of Appeals' decision conflicts with this Court's opinions in *Kraft v. State*, 762 S.W.2d 612 (Tex.Crim. App.1988) and *McKenna v. State*, 780 S.W.2d 797 (Tex.Crim.App.1989). We agree. In order to provide a comprehensive view of *Kraft* and its applicability to the present case, we first examine two of the cases underlying the *Kraft* decision, *Isam v. State*[4] and *McGlynn v. State*.[5]

In *Isam*, this Court rejected the application of *Brown v. State*, 507 S.W.2d 235 (Tex. Crim.App.1974) to appeals from misdemeanor guilty pleas challenging rulings on pretrial motions. *Brown* held that a defendant's plea of guilty to a misdemeanor charge had the same effect as a judicial confession in a felony case[6]—every element of the offense charged was deemed admitted by the defendant, obviating the need for the State to present any evidence. The courts of appeals applied this ruling to bar defendants from appealing adverse rulings on pretrial motions when they pled guilty to a misdemeanor offense. In *Isam* we recognized that one of the major purposes of Article 44.02 was to encourage guilty pleas in cases where the only contested issue is some matter that is generally raised pretrial, such as the lawfulness of a search or the voluntariness of a confession. Applying *Brown* to appeals from misdemeanor guilty pleas that challenge the ruling on such a pretrial motion would thwart the purpose of Article 44.02. Accordingly, we held that the *Brown* rule does not bar appeals from adverse rulings on pretrial motions where the defendant pleads guilty to a misdemeanor offense. *Isam*, 582 S.W.2d at 444.

In *McGlynn*, we reiterated our holding in *Isam*, stating that appellate courts have jurisdiction to address claims that the trial court erred in denying a pretrial motion to suppress prior to a guilty plea. Additionally, we held that "unless and until we are confident about what fruits of a search have somehow been used, the court need not decide whether the search was constitutionally permissible." *Id.* at 21.

The State relied on this holding in *Kraft*, arguing that this rationale developed in the context of a Fourth Amendment challenge should also apply in the context of alleged Fifth Amendment violations. This Court agreed. We reiterated that " 'unless and until' an appellate court knows the content of a confession or statement allegedly obtained by illegal means, and that the confession or statement is of such a nature that it may be said it has 'somehow been used' the court need not entertain a point of error attacking admissibility of the evidence." *Kraft*, 762 S.W.2d at 613–14. The focus in *Kraft* was on the meaning of the term "use."

We observed that by contesting the defendant's motion to suppress and obtaining a ruling that the evidence was admissible, "the State preserved the option to 'use' appellant's statement as part or all of its evidence going to establish the [elements of the offense] in a full-blown trial. This ruling undoubtedly contributed to the State's leverage in the plea bargaining process[.] ... Thus we may presume that at least to some extent the State has 'used' the contested evidence to obtain appellant's plea." *Kraft*, 762 S.W.2d at 614. Ultimately, we concluded:

> We hold that so long as it may be concluded that particular evidence the accused maintains should have been suppressed pursuant to a motion raising Fourth or Fifth Amendment violations would in *any* measure inculpate the accused, that evidence has been "used" against him in securing his misdemeanor conviction, and

---

4.   582   S.W.2d 441 (Tex.Crim.App.1979).

5.   704   S.W.2d 18 (Tex.Crim.App.1982).

6.   The rule regarding judicial confessions and guilty pleas in felony cases was discussed at length in *Johnson v. State*, 722 S.W.2d 417 (Tex.

Crim.App.1986). We later held that to the extent *Johnson* foreclosed appellate review of the merits of a defendant's pretrial motion, it also conflicted with the purposes of Article 44.02. *Johnson* was expressly overruled in *McKenna v. State*, 780 S.W.2d 797, 800 (Tex.Crim.App.1989).

**524**

hence, the appellate court should entertain the merits of his appeal.

*Id.* at 615 (emphasis supplied).

■ In *McKenna v. State*, this Court applied *Kraft* to a felony prosecution where the evidence which the defendant sought to suppress was not admitted at the pretrial hearing on the motion to suppress. 780 S.W.2d 797 (Tex.Crim.App.1989). The defendant later pled guilty pursuant to a plea bargain agreement, and appealed the adverse ruling on his suppression motion. The Court of Appeals declined to address the merits of the appeal. On review, we said: "The ruling on the motion to suppress is in the same juxtaposition to appellant's decision to plead guilty as in *Kraft*, so it cannot be rationally stated that this ruling is immaterial to the validity of the guilty plea. Thus, under our rationale in *Kraft*, the court of appeals erred in not reviewing the merits of appellant's motion to suppress." *McKenna*, 780 S.W.2d at 800. This holding demonstrates that the defendant is not required to have the contested evidence admitted as a prerequisite to an appeal from the denial of the motion to suppress following a guilty plea.

### III.

■ It is clear from these cases that a defendant is not required to have the evidence which he sought to suppress admitted in order for the court of appeals to address the merits of an appeal challenging denial of a pretrial motion to suppress. *Kraft*, 762 S.W.2d at 614; *McKenna*, 780 S.W.2d at 800. The Court of Appeals erred in so holding. Further, appellate courts must use a two step inquiry when deciding whether to address the merits of a claim regarding the trial court's denial of a pretrial motion to suppress evidence prior to a guilty plea. First, the appellate court must identify "the fruits" that the trial court held would not be suppressed. *McGlynn*, 704 S.W.2d at 21. Second, the appellate court must determine that these fruits have "somehow been used" by the State. *Kraft*, 762 S.W.2d at 613–14. If it is not clear from the testimony and exhibits what "the fruits" are, then the appellate court need not address the merits of the claim. Likewise, if the fruits have not

"somehow been used" by the State, then the appellate court need not address the merits of the claim.

### Conclusion

The court of appeals did not identify "the fruits" or determine whether they had "somehow been used" by the State. Accordingly, the judgment of the Court of Appeals is reversed and this cause is remanded to that court for proceedings consistent with this opinion.