TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00502-CR






Kimberly E. Goranson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 46,607, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







After her motion to suppress evidence was overruled, appellant Kimberly E.
Goranson pleaded guilty to driving while intoxicated with an open container. Tex. Penal Code
Ann. § 49.04 (West 1994 & Supp. 1999). The county court at law adjudged her guilty and
assessed punishment at incarceration for 180 days and a $600 fine. The court suspended
imposition of sentence and placed appellant on community supervision.

Appellant brings forward two issues by which she argues that her motion to
suppress evidence should have been granted. We will affirm the conviction without reaching the
merits of appellant's arguments.

The reporter's record is limited to the hearing on appellant's motion to suppress. 
No testimony was adduced at the hearing. Instead, the motion was tried on the basis of an agreed
written stipulation introduced in evidence. The stipulated evidence was as follows: appellant was
stopped by a Department of Public Safety trooper while driving a vehicle on a public road in Hays
County; appellant was subsequently arrested without a warrant for driving while intoxicated;
appellant refused to give a specimen of her breath when requested to do so; appellant was served
with a notice of suspension of her driver's license; appellant contested the suspension; following
a hearing, an administrative law judge found that the department failed to prove that there was
probable cause or reasonable suspicion to stop appellant and accordingly denied the requested
suspension. Attached to the stipulation and incorporated by reference were copies of the notice
of suspension, the administrative decision, and the reporter's notes from the administrative
hearing. These attachments add only the fact that appellant was initially stopped for speeding.

Appellant argues, as she did below, that the administrative determination that the
stop was unlawful was binding on the State, and that the State was collaterally estopped from
relitigating that issue in the county court at law. Alternatively, appellant argues that the motion
to suppress should have been granted because the circumstances giving rise to the stop were not
stipulated, and therefore the State did not satisfy its burden of proving that the stop was lawful.

Appellate courts must use a two-step inquiry when deciding whether to address the
merits of a claim regarding the denial of a motion to suppress evidence prior to a guilty plea.


First, the appellate court must identify "the fruits" that the trial court held would
not be suppressed. Second, the appellate court must determine that these fruits
have "somehow been used" by the State. If it is not clear from the testimony and
exhibits what "the fruits" are, then the appellate court need not address the merits
of the claim. Likewise, if the fruits have not "somehow been used" by the State,
then the appellate court need not address the merits of the claim.

Gonzales v. State, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998) (citations omitted).

The only evidence before us is the written stipulation. The stipulated facts reflect
that appellant was stopped for speeding and subsequently arrested for driving while intoxicated,
but the circumstances giving rise to the officer's decision to arrest appellant are not stated. The
stipulation does not describe, and the record does not otherwise show, the "tangible evidence
seized" and the "statements made and actions done by [appellant], if any, at the time of and
subsequent to her detention" that appellant moved to suppress. There is no showing in the record
that any inculpatory evidence was obtained by the police as a result of the challenged detention. 
Because we cannot identify the fruits of the alleged unlawful detention, we do not reach the merits
of appellant's issues. See Gonzales v. State, 977 S.W.2d 189, 190 (Tex. App.--Austin 1998, pet.
filed).

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: May 20, 1999

Do Not Publish



ER>







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 46,607, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







After her motion to suppress evidence was overruled, appellant Kimberly E.
Goranson pleaded guilty to driving while intoxicated with an open container. Tex. Penal Code
Ann. § 49.04 (West 1994 & Supp. 1999). The county court at law adjudged her guilty and
assessed punishment at incarceration for 180 days and a $600 fine. The court suspended
imposition of sentence and placed appellant on community supervision.

Appellant brings forward two issues by which she argues that her motion to
suppress evidence should have been granted. We will affirm the conviction without reaching the
merits of appellant's arguments.

The reporter's record is limited to the hearing on appellant's motion to suppress. 
No testimony was adduced at the hearing. Instead, the motion was tried on the basis of an agreed
written stipulation introduced in evidence. The stipulated evidence was as follows: appellant was
stopped by a Department of Public Safety trooper while driving a vehicle on a public road in Hays
County; appellant was subsequently arrested without a warrant for driving while intoxicated;
appellant refused to give a specimen of her breath when requested to do so; appellant was served
with a notice of suspension of her driver's license; appellant contested the suspension; following
a hearing, an administrative law judge found that the department failed to prove that there was
probable cause or reasonable suspicion to stop appellant and accordingly denied the requested
suspension. Attached to the stipulation and incorporated by reference were copies of the notice
of suspension, the administrative decision, and the reporter's notes from the administrative
hearing. These attachments add only the fact that appellant was initially stopped for speeding.

Appellant argues, as she did below, that the administrative determination that the
stop was unlawful was binding on the State, and that the State was collaterally estopped from
relitigating that issue in the county court at law. Alternatively, appellant argues that the motion
to suppress should have been granted because the circumstances giving rise to the stop were not
stipulated, and therefore the State did not satisfy its burden of proving that the stop was lawful.

Appellate courts must use a two-step inquiry when deciding whether to address the
merits of a claim regarding the denial of a motion to suppress evidence prior to a guilty plea.


First, the appellate court must identify "the fruits" that the trial court held would
not be suppressed. Second, the appellate court must determine that these fruits
have "somehow been used" by the State. If it is not clear from the testimony and
exhibits what "the fruits" are, then the appellate court need not address the merits
of the claim. Likewise, if the fruits have not "somehow been used" by the State,
then the appellate court need not address the merits of the claim.

Gonzales v. State, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998) (citations omitted).

The only evidence before us is the written stipulation. The stipulated facts reflect
that appellant was stopped for speeding and subsequently arrested for driving while intoxicated,
but the circumstances giving rise to the officer's decision to arrest appellant are not stated. The
stipulation does not describe, and the record does not otherwise show, the "tangible evidence
seized" and the "statements made and actions done by [appellant], if any, at the time of and
subsequent to her detention" that appellant moved to sup