**Billy London HUGHES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0306–CR.**

Court of Appeals of Texas,
Amarillo.

Dec. 16, 1999.

Rehearing Overruled Jan. 7, 2000.

Gene Thompson, Amarillo, for appellant.

Gray County Dist. Attorney's Office (John Mann and Matthew C. Martindale), Pampa, for appellee.

Before BOYD, C.J., and QUINN, and JOHNSON, JJ.,

PHIL JOHNSON, Justice.

Appellant Billy London Hughes pled guilty to the offense of robbery pursuant to a plea bargain recommendation by the State. Appellant asserts the trial court erred by overruling his pretrial motion to suppress post-hypnotic testimony. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant and two other persons were indicted for aggravated robbery. By a pretrial motion appellant moved for suppression of post-hypnotic testimony of Charles Hearron, who was the store clerk at the time of the robbery. Appellant alleged that Hearron was at first unable to identify appellant as participating in the

crime, but that after Hearron had been hypnotized by an officer of the Pampa, Texas police department, Hearron specifically identified appellant as a perpetrator of the offense. Appellant urged that (1) the officer employing the hypnotic interview technique was not qualified to use such procedure, (2) the procedures utilized during the hypnotic session were insufficient to safeguard the reliability of the witness's recalled memory, (3) the post-hypnotic identification was suggestively induced, and (4) hypnotically-enhanced testimony is inadmissible under criteria prescribed by *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App.1992), and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). At an evidentiary hearing, appellant introduced a videotape of the hypnotic session and offered expert testimony critical of the hypnotic techniques and procedures used in connection with Hearron's hypnosis session. The trial court denied the motion to suppress. Appellant subsequently pled guilty and appealed from the denial of his written pretrial motion. Tex. R.App. P. 25.2(b)(3).

By his sole issue, appellant seeks reversal on the basis that the trial court erred in denying his motion to suppress Hearron's post-hypnotic testimony. Appellant urges in his brief that he presented evidence of the unreliability of the hypnotic techniques used in Hearron's session, and that the State, therefore, pursuant to Tex.R. Evid. 702, had the burden of proof to show by clear and convincing evidence that Hearron's post-hypnotic identification of him was reliable. Appellant reasons that because the State offered no proof to rebut his evidence, the trial court abused its discretion in denying suppression of the testimony.

*LAW*

■ The burden of proof is on the proponent of hypnotically-refreshed testimony to demonstrate by clear and convincing evidence that the testimony is trustworthy. *Zani v. State*, 758 S.W.2d 233, 243 (Tex.Crim.App.1988); *Soliz v. State*,

961 S.W.2d 545, 547 (Tex.App.—San Antonio 1997, pet. ref'd). In reviewing trial court rulings on matters such as motions to suppress, appellate courts afford almost total deference to trial court decisions involving mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 87–8 (Tex.Crim.App.1997). Mixed questions of law and fact not dependent on evaluation of credibility and demeanor are reviewed *de novo*. *Id.* Reliability of post-hypnotic testimony is a mixed question of law and fact which is not dependent on an evaluation of the credibility and demeanor of witnesses. *Soliz*, 961 S.W.2d at 548. The trial court is not in a better position than is the reviewing court to determine whether proper safeguards were maintained against danger that (1) the post-hypnotic testimony of the witness is untrustworthy, or (2) the ability of the opponent to fairly test the witness's recall by cross-examination is substantially impaired. *Id.; see Zani*, 758 S.W.2d at 244.

■ When a plea bargain has been entered into and the accused is appealing from denial of a pretrial motion to suppress evidence, the appellate court must apply a two-step inquiry before reaching the merits of an issue claiming error in the denial of the pre-trial motion to suppress. *Gonzales v. State*, 966 S.W.2d 521, 524 (Tex.Crim.App.1998). The two-step analysis requires the appellate court to (1) identify the "fruits" which the trial court did not suppress, and (2) determine whether such fruits have been "used" by the State in securing the accused's plea-bargained conviction. *Id.*

■ In identifying the "fruits" of which complaint is made, a defendant is not required to have the evidence which was sought to be suppressed admitted into evidence at a suppression hearing in order for the appellate court to address the merits of the appeal. However, it must be clear from the appellate record what "fruits" are complained of. *Id.* Otherwise,

the merits of the claimed error in failing to suppress evidence need not be addressed. *Id.; McGlynn v. State,* 704 S.W.2d 18, 21 (Tex.Crim.App.1982).

■ Evidence has been "used" in securing the conviction and the merits of the appeal should be entertained so long as it may be concluded that the particular evidence the accused maintains should have been suppressed would have in any measure inculpated the accused. *Gonzales,* 966 S.W.2d at 523; *Kraft v. State,* 762 S.W.2d 612, 615 (Tex.Crim.App.1988).

### ANALYSIS AND CONCLUSION

■ Appellant's motion to suppress alleged that subsequent to Hearron's hypnosis, Hearron named appellant as the perpetrator of the offense with which appellant was charged. It is axiomatic that the evidence complained of must have existed in order for the trial court to have erred in failing to suppress it. If the rule were otherwise, an accused could file a motion to suppress multiple kinds of allegedly inculpatory evidence, regardless of the actual existence of the evidence. If the trial court were to overrule any part of the motion, the accused could then enter into a plea bargain and subsequently claim error on appeal because the trial court failed to suppress inculpatory evidence the accused *thought* existed without any showing of its actual existence. Thus, mere allegations by appellant that inculpatory "fruits" existed in the guise of testimony by Hearron after his hypnosis will not suffice to show that the evidence existed and that appellant has been harmed by the State's "use" of it.

The videotape of the hypnotic session did not show that Hearron named appellant as a perpetrator of the crime. The record of the suppression hearing does not show by affidavit, testimony, document, other evidence or stipulation that after the hypnotic session Hearron named or identified appellant as a perpetrator. Nor does the record show that Hearron would have named or identified appellant as a perpetrator if the case had gone to trial. We

would be speculating to conclude that the inculpatory testimony complained of by appellant actually existed. The trial court did not abuse its discretion in overruling appellant's motion to suppress testimony which it is not clear existed. *Gonzales,* 966 S.W.2d at 523; *see Kraft,* 762 S.W.2d at 614; *see McGlynn,* 704 S.W.2d at 21.

We affirm the judgment of the trial court.