Motion for Rehearing Overruled; Majority and Concurring Opinions Issued
January 15, 2004, Withdrawn; and Substituted Majority and Concurring Opinions
filed June 24, 2004









Motion
for Rehearing Overruled; Majority and Concurring Opinions Issued
January 15, 2004, Withdrawn; and Substituted Majority and Concurring
Opinions filed June 24, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01173-CR

_______________

 

RYAN BRENNAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the
County Criminal Court at Law No. 4

Harris
County, Texas

Trial Court Cause
No. 1119468

___________________________________________________

 

S U B S T I T U T E D  
M A J O R I T Y   O P I N I O N

 

Appellant=s motion for rehearing is denied, the
opinions issued in this case on January 15, 2004, are withdrawn, and the
following opinions are issued in their place.








Ryan Brennan appeals a conviction for
driving while intoxicated[1]
on the ground that the trial court erred in denying his motion (the Amotion@) to suppress evidence because he was
seized without reasonable suspicion and arrested without probable cause, each
in violation of the Fourth and Fourteenth Amendments to the United States
Constitution and Article I, Section 9, of the Texas Constitution.  We affirm.

An unlawful seizure (detention or
arrest) is not, per se, cause to reverse a conviction.  See Lyles v. State, 582
S.W.2d 138, 143 (Tex. Crim. App. 1979).  Rather, the sanction imposed against an
unlawful seizure is the exclusion of evidence thereby obtained.  Stiggers v. State, 506 S.W.2d 609, 611 (Tex. Crim.
App. 1974).  Thus, an unlawful
seizure that produces no evidence of culpability does not vitiate a
conviction.  Id.  Therefore, when a defendant fails to state
what evidence, if any, was obtained as a result of an alleged unlawful seizure,
no error is shown in overruling his motion to suppress.[2]  Correspondingly, in deciding whether to
address the merits of an appeal of a denial of a motion to suppress, an
appellate court must first identify the Afruits@ that the trial court held would not
be suppressed.  Gonzales
v. State, 966 S.W.2d 521, 524 (Tex. Crim. App.
1998).  If it is not clear from
the testimony and exhibits what the fruits are, then the appellate court need
not address the merits of the claim.  Id.








In this case, the motion sought to
suppress Aany and all evidence seized or
obtained as a result of the illegal acts on behalf of the Government in this
criminal proceeding . . . .@; Athe evidence which will be offered by the Government in this
cause . . . .@; A[a]ny
statements, acts or refusal to cooperate allegedly made by [appellant] in
connection with this detention, search and seizure, and any tangible or other
evidence seized or acquired then, or at any later time as a result . . . .@; A[a]ny
statements or acts allegedly attributed to [appellant] . . . .@; the invocation of any rights
asserted by appellant; A[a]ny oral, written or
electronically recorded statements, acts or refusal to cooperate allegedly made
by [appellant] . . . .@; and Athe statements and acts of [appellant] and also of the seized
and derivative evidence . . . .@  Similarly, the body
of the order appellant submitted for a ruling on the motion stated, AOn this day came on to be heard
[appellant=s] Motion to Suppress, and the Court
having considered the same, it is hereby in all things, GRANTED/DENIED.@[3] 
Neither in the hearing on the motion nor even in
appellant=s brief[4]
did he specify what particular testimony, exhibits, or other items of
evidence he sought to exclude.

Appellant=s motion for rehearing asserts for
the first time that the fruits of the illegal seizure are obvious and can
easily and unmistakably be ascertained by reviewing the record.  It identifies, for the first time, several
examples of such items from the reporter=s record of the hearing.  However, to have identified these fruits from
what is provided in appellant=s brief, as he now proposes, would have required this court
to: (1) assume that evidence appellant sought to suppress had even been
admitted into evidence at the hearing, which 
it was not required to be;[5]
(2) search the 50 page reporter=s record of the hearing and apply applicable law to it to
determine which items might arguably have been such fruits; and then (3) assume
that appellant would have done likewise. 
On the contrary, our 
role is merely to evaluate the grounds of error presented by the
appellant, not to develop them for him.

Because the points of error in
appellant=s brief, challenging the denial of
his motion to suppress, failed to identify what, if any, evidence was ruled
upon by the denial, they present nothing for our review and are overruled.[6]  Accordingly, the judgment of the trial court
is affirmed.

 

 

/s/        Richard
H. Edelman

Justice

 

Judgment
rendered and Substituted Majority and Concurring Opinions filed June
24, 2004.

 

Panel consists of Justices Edelman,
Frost, and Seymore.  (Frost, J.
concurring.)

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Appellant
entered a guilty plea, and the trial court assessed punishment of 180 days
confinement, probated for one year, and a $250 fine.





[2]           Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996); Johnson v. State, 548 S.W.2d 700,
706 (Tex. Crim. App. 1977).





[3]           On the
signed order, the trial court=s denial of the motion was signified by crossing out
the word, AGRANTED,@ and
circling the word, ADENIED.@





[4]           In
this regard, appellant=s brief states only: AAll
derivative evidence of the illegal seizure and illegal arrest must be
suppressed . . . .@ and AAccordingly, all fruits of his illegal detention,
seizure and arrest should be excluded . . . .@





[5]           See
Gonzales, 966 S.W.2d at 524.





[6]           See
Lewis v. State, No. 14-01-00735-CR (Tex. App.CHouston [14th Dist.] July 18, 2002,
pet. ref=d) (not
designated for publication), 2002 WL 1591673, at *2; Reha
v. State, No. 14-95-01349-CR (Tex. App.CHouston
[14th Dist.] Sept. 25, 1997, pet. ref=d) (not designated for publication), 1997 WL 590165,
at *3.