

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0960-10

### THE STATE OF TEXAS

v.

### RANDALL CHUPIK, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

**PRICE, J., filed a dissenting opinion in which MEYERS, J., joined.**

### DISSENTING OPINION

I would hold that the court of appeals did not err to refuse to treat the merits of the State's claim that the trial court erred to grant the appellee's motion to suppress in this cause. In any event, the court of appeals rejected the State's appeal on an alternative basis that the Court today does not even address before remanding the cause to the court of appeals for a merits review. I therefore dissent.

## I.

The trial court made a purported finding in this cause that "[t]he evidence suppressed . . . is not of substantial importance" to the State's case.[1] The court of appeals rightly held that, under Article 44.01(a)(5) and (i) of the Code of Criminal Procedure,[2] it is the County Attorney's assessment of the importance of the suppressed evidence to the case, not the trial court's, that determines whether the State has a right to appeal from an order granting a motion to suppress.[3] Thus, the court of appeals acknowledged the State's right to appeal. But it went on to hold, in essence, that in the absence of any indication from the record that there even existed a statement to be suppressed, any opinion it might render on the merits of the State's appeal would constitute an advisory opinion.[4] I agree with the court of appeals

---

[1] *State v. Chupik*, 2010 WL 1930110 (No. 03-09-00356-CR, Tex. App.—Austin, delivered May 13, 2010) (not designated for publication), at *2.

[2] *See* TEX. CODE CRIM. PROC. art. 44.01(a)(5) ("The state is entitled to appeal an order of a court in a criminal case if the order . . . grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case[.]"); *id.* (i) ("In this article, 'prosecuting attorney' means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney."). In Travis County, the County Attorney has the primary responsibility for prosecuting cases in the county court at law, where this misdemeanor DWI was prosecuted.

[3] *State v. Chupik*, s*upra*, at *3.

[4] *See id.* (construing this Court's opinion in *Gonzales v. State*, 966 S.W.2d 521 (Tex. Crim. App. 1998), to be "an application of the broader principle that courts do not decide abstract questions of law or issue advisory opinions.").

that, if the trial court's grant of the appellee's motion to suppress did not, for all the record reveals,[5] actually result in the suppression of concrete evidence, then any opinion the court of appeals might offer with respect to the legality of the trial court's ruling would be purely academic and therefore purely advisory. Neither the federal exclusionary rule nor our own statutory exclusionary rules will come into play if there is no evidence to exclude, and for the court of appeals to write an opinion on the question whether a Fifth Amendment violation occurred in this case would have no effect on the prosecution as it goes forward. While compliance with the certification requirement of Article 44.01(a)(5) may fully suffice to secure the State's right to appeal the granting of a motion to suppress, it does not and could not authorize the court of appeals to issue an advisory opinion.[6] Nothing about this Court's opinion in *Johnson v. State*,[7] which the majority cites and Judge Johnson finds controlling, purports to indicate otherwise.

---

[5] As the State conceded on appeal. *Id*. ("The State concedes that the record does not reflect the questions and answers, if any, that were suppressed by the court.").

[6] *See, e.g.*, *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991) (although State had the *right* to appeal a particular issue under Article 44.01(c), court of appeals nevertheless correctly dismissed State's appeal to avoid rendering an advisory opinion, since appellate courts in Texas "are without authority to render advisory opinions"). *Cf. Morrow v. Corbin*, 122 Tex. 553, 562, 62 S.W.2d 641, 646 (1933) (appellate courts in Texas have original and appellate jurisdiction under the Texas Constitution, but are not constitutionally "given any advisory power").

[7] 871 S.W.2d 744, 749 (Tex. Crim. App. 1994).

## II.

The court of appeals voiced an alternate justification for rejecting the State's argument on appeal. Although Officer Mabe's roadside encounter with the appellee may have been recorded in its entirety by a video system in his squad car, the recording as it arrived in the court of appeals "ends when [the appellee's car] is stopped."[8] The admissibility of any statement that the appellee may have given after the HGN test was administered would turn on whether the appellee was, at that time, subjected to custodial detention so as to call for *Miranda* warnings.[9] Because there was no live testimony adduced at the suppression hearing with respect to what happened after the HGN test, the only possible evidence that might have illuminated the question whether the appellee was under custodial detention, and thus should have been Mirandized, at the time he made any post-HGN statement, was the video tape.[10] But, because there is no such video tape in the record, either because it does not exist or because the portion that was admitted at the hearing inexplicably ends when the appellee's car was stopped, the court of appeals declared that it had no basis to review (much less reject) the trial court's ruling with respect to the admissibility of any post-HGN statements.[11] Thus,

---

[8] *State v. Chupik, supra*, at *1.

[9] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[10] *State v. Chupik, supra*, at *4.

[11] *Id.*

the court of appeals essentially held, even if any opinion it might render would not be purely advisory, the State would nevertheless lose the appeal because it failed to present a record sufficient to demonstrate that the trial court's ruling was erroneous.

Just last week we reiterated that the appealing party has the burden to present a record on appeal that is sufficient to demonstrate error in the trial court.[12] In that case, it was a defendant who appealed from his conviction but lost because he failed to assure a record on appeal that memorialized the particular error he asserted. But sauce for the defense-bar goose is sauce for the prosecutorial gander. Here, it is the State's appeal, and the State Prosecuting Attorney does not argue that the court of appeals erred in its alternate holding. If only for this reason, we should affirm the court of appeals's judgment. To the decision nevertheless to remand the cause to the court of appeals—to what end, I cannot comprehend, given that court's alternate holding—I respectfully dissent.

FILED:    June 15, 2011
PUBLISH

---

[12] *Davis v. State*, __ S.W.3d __, 2011 WL 2200812 (No. PD-0845-10, Tex. Crim. App., delivered June 8, 2011), at *__ (slip op. at 12).