Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-09-00204-CR & No. 04-09-00205-CR

John David **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. 07-570-CR
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:          Catherine Stone, Chief Justice
                 Phylis J. Speedlin, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:  November 23, 2011

REVERSED AND REMANDED

After the trial court denied John David Martinez's motion to suppress, he pled guilty to the offenses of driving while intoxicated and possession of marijuana. On appeal, this court affirmed, holding the trial court did not err in denying Martinez's motion to suppress. *Martinez v. State*, 318 S.W.3d 24, 29 (Tex. App.—San Antonio 2009), *reversed*, Nos. PD-1238-10 & PD-1239-10, 2011 WL 2555712 (Tex. Crim. App. June 29, 2011). On discretionary review, the Court of Criminal Appeals held the investigatory detention of Martinez was not supported by

reasonable suspicion. *Martinez*, 2011 WL 2555712, at \*4. The court reversed our judgments and remanded the causes to this court for further proceedings consistent with its opinion. *Id.*

Because there was no reasonable suspicion to justify the original stop, the trial court should have granted Martinez's motion to suppress and ruled that any evidence resulting from the stop is inadmissible at trial. *See Martinez*, 2011 WL 255712 at \*4; TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). To decide if the error requires reversal, we must identify the "fruits" of the illegal detention and search and determine whether the fruits have "somehow been used" by the State. *See Gonzales v. State*, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998). Martinez sought to suppress the marijuana found on his person after his arrest, his oral and written statements, evidence of his actions at the time of the stop and thereafter, the results of any breath test, and evidence of his refusal to take any breath test. The record reflects the following evidence was obtained after the stop: 1) Martinez performed and failed field sobriety tests; 2) Martinez provided a breath sample measured by a portable breath test device, which indicated his alcohol concentration was "0.151"; 3) Martinez refused to submit another breath sample for the intoxilyzer; and 4) marijuana was found in a white envelope removed from his person at the police department. This evidence was all included in the arresting officer's report, which the State introduced in support of Martinez's pleas of guilty. The State thus clearly used the fruits of the unlawful detention in obtaining the judgments of guilt.

In its brief on original submission to this court, the State argued the evidence was admissible even if the arresting officer's actions violated the Fourth Amendment because Martinez failed to demonstrate the officer engaged in "culpable misconduct or egregious behavior." The State contends that absent such showing, the exclusionary rule is not "triggered." We interpret the State's argument to suggest that a "good-faith" exception should apply under

the facts of this case. Texas has a statutory "good-faith" exception to its exclusionary rule. *See* TEX. CODE CRIM. PROC. art. 38.23(b) (West 2005). However, that section applies only in cases involving warrants issued by a neutral magistrate based on probable cause. *Id.* This case involves a warrantless search and arrest, conducted in violation of the Fourth Amendment, and the statutory good-faith exception has no application. *See id.* The evidence obtained in violation of Martinez's rights under the Fourth Amendment to the United States Constitution shall not be admitted in evidence against him in any criminal trial. *See id.* art. 38.23(a).

We reverse the judgments of conviction and remand these causes to the trial court for further proceedings consistent with this opinion.

Steven C. Hilbig, Justice

Do not publish