Thomas Wyman BADGETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–01404–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 20, 2001.

Greg Glass, Herb H. Ritchie, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Panel consists of Justices EDELMAN, WITTIG, and AMIDEI.*

* Former Justice Maurice E. Amidei sitting by assignment.

## OPINION ON REMAND

MAURICE E. AMIDEI, Justice.

Thomas Wyman Badgett appeals a misdemeanor conviction for driving while intoxicated ("DWI") on the grounds that the trial court erred in denying his motion to suppress evidence. We reverse.

### Background

Appellant was involved in an automobile collision in May of 1997. He was standing beside his vehicle when Officer Kerr arrived at the scene of the accident. Sergeant Traylor, the officer already working the accident, handed Kerr appellant's license and told Kerr that appellant was one of the drivers in the accident, that he might be intoxicated, and that Kerr might want to perform a field sobriety test. After performing several field sobriety tests, Kerr believed that appellant might be intoxicated and placed him under arrest. Kerr testified that based on his experience, he also believed at the time of appellant's arrest that appellant could have been at fault for the accident because appellant was intoxicated. At the time Kerr left the scene with appellant, the accident reconstruction team had not yet determined that appellant was not at fault.

Appellant was taken to the Baytown Police Station, where he was video-taped but declined to give a blood sample. Kerr then took appellant to a local hospital, where a sample of appellant's blood was drawn over his objection. After appellant was charged with DWI, he filed a motion to suppress any and all evidence obtained as a result of alleged illegal detention, arrest, and search. The trial court denied the motion to suppress, and appellant entered a negotiated no-contest plea.

On appeal, appellant challenged the denial of his motion to suppress on the grounds that the evidence was obtained as a result of an illegal and warrantless arrest and in violation of the Transportation Code provisions governing the taking of a blood sample without consent. Our prior opinion overruled each of these challenges and affirmed appellant's conviction. Appellant successfully sought discretionary review of that opinion on the Transportation Code issue, and the Court of Criminal Appeals reversed our decision on that issue without mention of appellant's other challenges. We thus interpret its remand to be confined to the Transportation Code issue.

## Motion to Suppress

■ When a plea bargain has been entered into and the accused is appealing from denial of a pretrial motion to suppress evidence, the appellate court must apply a two-step inquiry before reaching the merits of an issue claiming error in the denial of the pre-trial motion to suppress. *Gonzales v. State,* 966 S.W.2d 521, 524 (Tex.Crim.App.1998). The two-step analysis requires that the appellate court to (1) identify the "fruits" which the trial court did not suppress, and (2) determine whether such fruits have been "used" by the State in securing the accused's plea-bargained conviction. *Id.* In identifying the "fruits" of which complaint is made, a defendant is not required to have the evidence which was sought to be suppressed admitted into evidence at a suppression hearing in order for the appellate court to address the merits of the appeal. However, it must be clear from the appellate record what "fruits" are complained of. *Id.* Otherwise, the merits of the claimed error in failing to suppress evidence need not be addressed. *Id. McGlynn v. State,* 704 S.W.2d 18, 21 (Tex.Crim.App.1982). Evidence has been "used" in securing the

conviction and the merits of the appeal should be entertained so long as it may be concluded that the particular evidence the accused maintains should have been suppressed would have in any measure inculpated the accused. *Gonzales,* 966 S.W.2d at 523; *Kraft v. State,* 762 S.W.2d 612, 615 (Tex.Crim.App.1988).

■ In this case, the testimony and exhibits in the reporter's record of the suppression hearing do not explicitly identify which item(s) of evidence appellant sought to suppress. Nor do they expressly indicate whether appellant's blood sample was tested, the results of any such testing or what, if anything, was done with appellant's blood sample. The only indication our record contains that any blood test result even exists is a statement in the affidavit of a police officer contained in the complaint filed with the information stating that "[t]he blood results of the blood sample proved Defendant's blood alcohol level was .13." Neither this complaint nor any other evidence of the blood test results was admitted into evidence at the suppression hearing. Nevertheless, "a defendant is not required to have the evidence which he sought to suppress admitted in order for [a] court of appeals to address the merits of an appeal challenging the denial of a pretrial motion to suppress." *See id.* at 524. Accordingly, based on the police affidavit containing appellant's blood alcohol results, we find it to be reasonably clear that "the fruits" resulting from the State's seizure of appellant's blood were the test results demonstrating his .13 blood alcohol level.

■ Having satisfied the first element of *Gonzales,* we now turn to its second and determine whether these fruits, i.e., appellant's blood alcohol test results, have "somehow been used by the State." *Id.*

Under this element, the *Gonzales* Court observed that:

> by contesting the defendant's motion to suppress and obtaining a ruling that the evidence was admissible, "the State preserved the option to 'use' appellant's statement as part or all of its evidence going to establish the [elements of the offense] in a full-blown trial. This ruling undoubtedly contributed to the State's leverage in the plea bargaining process. . . . Thus we may presume that at least to some extent the State has 'used' the contested evidence to obtain appellant's plea."

*Id.* at 523 (citing *Kraft v. State,* 762 S.W.2d 612, 615 (Tex.Crim.App.1988)). Similar to the facts of *Kraft,* the State successfully contested appellant's motion to suppress and thereby preserved its option to "use" his blood alcohol test results as evidence in the event of a trial. Because the court's denial of appellant's motion to suppress "undoubtedly contributed to the State's leverage" in appellant's decision to enter into a plea agreement, we presume that the State has used appellant's blood alcohol test results to obtain his plea. *Id.*

We next turn to the merits of appellant's issue for review. Here appellant contends that the trial court erred in denying his Motion To Suppress Blood Test Results because his blood was taken by police in violation of Texas Transportation Code section 724.013. We agree.

 We review the trial court's ruling on a motion to suppress according to the standard set out in *Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App.1997). We afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Id.* at 89. We afford the same amount of deference to the trial court's ruling on mixed questions of law and fact, if the resolution of the ultimate question also turns on an evaluation of credibility and demeanor. *Id.* When the trial court's ruling on mixed questions of law and fact do not turn on an evaluation of credibility and demeanor, we review the ruling de novo. *Id.* A question "turns" on an evaluation of credibility and demeanor when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue. *Loserth v. State,* 963 S.W.2d 770, 773 (Tex.Crim.App.1998). When presented with a mixed question of law and fact based on undisputed facts, as here, we conduct a de novo review. *Guzman,* 955 S.W.2d at 89.

 Under Texas law, "[o]ne or more specimens of a person's breath or blood may be taken if the person is arrested and at the request of a peace officer having reasonable grounds to believe the person" was intoxicated while operating a motor vehicle in a public place. Tex. Trans. Code Ann. § 724.012(a) (Vernon 1999). Additionally, an officer "shall *require*" a person's blood or breath sample if:

(1) the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft;

(2) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense;

(3) at the time of the arrest the officer reasonably believes that a person has died or will die as a direct result of the accident; and

(4) the person refuses the officer's request to submit to the taking of a specimen voluntarily.

*Id.* § (b). Section 724.013 subsequently provides that: "[e]xcept as provided by Section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer." *Id.* § 724.013.

In the present case, our review is limited to whether officer Kerr reasonably believed, as required by § 724.012(b)(2), that the accident in which appellant was involved resulted from his offense of driving while intoxicated. Under this subsection, an officer's "reasonable belief" must be based on something more than the mere fact of the accident coupled with the officer's arrest of the defendant for an intoxication offense. *Badgett v. State,* 42 S.W.3d 136, 139 (Tex.Crim.App.2001). Rather, such belief "must be based upon specific and articulate facts of causation." *Id.* This articulable belief can result from any number of factors, including but not limited to, witness interviews, conclusions drawn from experience in combination with observation of the accident scene, or determination made by an accident reconstruction team. *Id.*

Applying the *Badgett* standard to the facts of our case, we find Officer Kerr did not possess a reasonable, articulable belief that the accident in question occurred as a result of appellant's offense of driving while intoxicated. First, Kerr did not interview any witnesses to the accident. Next, Kerr neglected to contact the accident reconstruction team in an effort to learn who was at fault in the accident. Finally, Kerr testified that, other than his belief in appellant's intoxication, "there was no evidence he knew of [placing appellant] at fault for the [accident]." Accordingly, because Officer Kerr did not have the reasonable, articulable belief required by § 724.012(b)(2) to compel a specimen of appellant's blood for testing, the trial court's denial of appellant's motion to suppress was error. Appellant's issue on remand is sustained. Accordingly, the judgment of the trial court should be reversed and the case remanded for further proceedings consistent with this opinion.[1]

EDELMAN, Justice, dissenting.

If it is not clear from the testimony and exhibits of a suppression hearing what the "fruits" are that the appellant sought to have suppressed, the appellate court need not address the merits of the claim. *Gonzales v. State,* 966 S.W.2d 521, 524 (Tex. Crim.App.1998). In this case, because neither the complaint nor any other evidence of the existence or outcome of any blood test results was admitted into evidence[2] at the suppression hearing and because the record of that hearing contains no other evidence identifying, or establishing the inculpatory nature of, any fruits of the challenged blood sample, we lack a sufficient record to address the merits of the claim. Accordingly, I would overrule appellant's fourth point of error and affirm the judgment of the trial court.

---

1. Upon determining that a trial court's denial of a motion to suppress is erroneous, we need not conduct a harm analysis. *Elliot v. State,* 56 S.W.3d 780 (Tex.App.—Houston [14th Dist.] 2001, no pet h.) (designated for publication) (citing *McKenna v. State,* 780 S.W.2d 797, 800 (Tex.Crim.App.1989)).

2. An affidavit does not constitute evidence in a case unless it has been introduced as such at a hearing. *Stephenson v. State,* 494 S.W.2d 900, 909–10 (Tex.Crim.App.1973). Thus, unless an affidavit or other document in the clerk's record has been offered and admitted into evidence, it cannot be considered on appeal. *Webber v. State,* 21 S.W.3d 726, 731 (Tex.App.—Austin 2000, pet. ref'd).