**John Reed MOUTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–02–00067–CR.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 20, 2002.

Decided March 7, 2003.

Georgia L. Clapper, Anahuac, for appellant.

Steve Greene, Asst. Dist. Atty., Anahuac, Michael R. Little, Liberty County Dist. Atty., Liberty, for appellee.

Before MORRISS, ROSS, and GRANT,* JJ.

## OPINION

Opinion by Justice BEN Z. GRANT (Retired).

John Reed Mouton appeals his conviction for possession of more than four

---

* Ben Z. Grant, Justice, Retired, Sitting by Assignment

grams, but less than 200 grams, of cocaine with intent to deliver. On appeal, Mouton raises two points of error. Mouton contends that the police lacked probable cause to stop his vehicle, that the police lacked probable cause to search his person and his property, and that the trial court abused its discretion by overruling his Motion to Suppress on both grounds.

## A. Background.

On March 29, 2000, Deputy Matt Ashby of the Liberty/Chambers County Narcotics Task Force stopped Mouton's vehicle headed eastbound on Interstate 10 in Chambers County around 9:15 p.m. Ashby stopped Mouton for driving in the left lane not while passing. That area of I–10 has three lanes on the eastbound side and, according to Ashby's testimony, there are frequent signs along that stretch of road indicating the left lane is for passing only.

Mouton appeared nervous during his initial contact with Ashby. Ashby also noticed Mouton had a large bulge near his right front pocket. During the stop, Mouton expressed a need to "poop," which he did in a nearby field. During Mouton's dalliance in the field, Ashby saw Mouton fiddling with something in front of him. Fearing Mouton had a weapon, Ashby drew his gun and ordered Mouton to put his hands where Ashby could see them. Mouton did not comply with Ashby's repeated requests. Mouton then removed a white item from his pocket and used it to clean himself. Ashby, still fearing for his safety, forced Mouton to the ground for failing to comply with Ashby's instruction that Mouton put his hands where Ashby could see them. When Ashby moved closer, he saw the white item was an envelope containing a small amount of marihuana. Ashby then arrested Mouton. A search of Mouton following his arrest uncovered marihuana in his shirt and pants pockets and cocaine near his groin. A subsequent search of Mouton's car found several items of drug paraphernalia, including a syringe, a spoon, and some Brillo pads the officer testified are used in crack pipes as filters for smoking drugs.

Mouton filed a Motion to Suppress Evidence. Mouton and the State agreed to waive a jury trial and asked the trial court to consider the Motion to Suppress simultaneously with a trial on guilt/innocence. At the conclusion of evidence and arguments of counsel, the trial court denied Mouton's Motion to Suppress and found him guilty as charged in the indictment. After a separate punishment hearing, the trial court sentenced Mouton to eighteen years' imprisonment. The trial court denied Mouton's request to issue written findings of fact and conclusions of law on the suppression motion.

## B. The Standard of Review.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999). An appellate court "may *uphold* a trial court's ruling [on a motion to suppress] on any legal theory or basis applicable to the case, but usually may not *reverse* a trial court's ruling on any theory or basis that might have been applicable to the case but was not raised." *Martinez v. State,* 91 S.W.3d 331, 336 (Tex. Crim.App.2002).

We determine whether a trial court abused its discretion in overruling a motion to suppress by examining the evidence in the light most favorable to the trial court's ruling, *State v. Ballard,* 987 S.W.2d 889, 891 (Tex.Crim.App.1999), and affording almost total deference to the trial court's determination of facts that the record supports, *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.

1997). However, we "review de novo the court's application of the law of search and seizure to those facts." *Ross,* 32 S.W.3d at 856. The trial court's ruling will not be overturned unless its decision was outside the zone of reasonable disagreement. *Salazar v. State,* 38 S.W.3d 141, 153–54 (Tex. Crim.App.2001).

## C. Probable Cause to Stop.

■ To preserve an error for appellate review, an objection or motion made before the trial court must state the grounds of the complaint with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP. P. 33.1(a); *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App. 1986); *Morris v. State,* 89 S.W.3d 146, 150 (Tex.App.-Corpus Christi 2002, no pet. h.). At trial, Mouton argued that Article 544.011 of the Texas Transportation Code does not create a criminal offense, the violation of which gives an officer probable cause to stop a motorist. TEX. TRANSP. CODE ANN. § 544.011 (Vernon Supp.2003). On appeal, Mouton contends he did not have sufficient notice of his duty to drive in the right-hand lane because the sign directing him to do so was not easily visible. The objection raised on appeal does not match the objection presented before the trial court. The complaint on appeal has to do with notice; the trial objection dealt with whether a statute imposed a criminal penalty, thereby affording an officer probable cause to stop Mouton's vehicle. Because the objection raised on appeal was not presented before the trial court, Mouton's first issue has not been preserved for our review.

■ Even if we found the issue to have been preserved for review, we would nonetheless overrule Mouton's first point of error. Ashby stopped Mouton without a warrant and, therefore, the State bore the burden of demonstrating the stop was reasonable within the totality of the circumstances. *See Hulit v. State,* 982 S.W.2d 431, 436 (Tex.Crim.App.1998); *Russell v. State,* 717 S.W.2d 7, 10 (Tex. Crim.App.1986). To justify a traffic stop, the officer must observe specific objective, articulable facts which, in light of the officer's experience and personal knowledge, together with inferences from those facts, would warrant a reasonable person to believe a traffic violation had occurred. *See Davis v. State,* 947 S.W.2d 240, 242–43 (Tex.Crim.App.1997); *Valencia v. State,* 820 S.W.2d 397, 399 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd). This standard is an objective one: there need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant. *Garcia v. State,* 43 S.W.3d 527, 530 (Tex.Crim.App.2001).

Section 544.011 of the Texas Transportation Code states,

> If, on a highway having more than one lane with vehicles traveling in the same direction, the Texas Department of Transportation or a local authority places a sign that directs slower traffic to travel in a lane other than the farthest left lane, the sign must read "left lane for passing only."

TEX. TRANSP. CODE ANN. § 544.011. "The operator of a vehicle or streetcar shall comply with an applicable official traffic-control device placed as provided by this subtitle unless the person is: (1) otherwise directed by a traffic or police officer; or (2) operating an authorized emergency vehicle and is subject to exceptions under this subtitle." TEX. TRANSP. CODE ANN. § 544.004 (Vernon 1999). A lawfully placed sign is a "traffic-control device." TEX. TRANSP. CODE ANN. § 541.304(1) (Vernon 1999). A violation of Article 544.011 of the Texas Transportation Code is a misdemeanor offense punishable by a fine of not less than $1 or more than $200. TEX.

TRANSP. CODE ANN. §§ 542.301, 542.401 (Vernon 1999).

Ashby testified there are signs reading "left lane for passing only" a few miles before the location where he stopped Mouton. Ashby further testified that he followed Mouton for at least a mile before stopping him for traveling in the left lane while not passing. Ashby stopped Mouton near mile marker 823 or 824. There was evidence that the "left lane for passing only" signs appeared at mile markers 812, 820, and 827. This evidence would establish Mouton violated Article 544.011 of the Texas Transportation Code, thereby providing Ashby specific, articulable facts that would reasonably lead him to believe Mouton had violated the traffic law. Therefore, Ashby had probable cause to stop and detain Mouton for the observed misdemeanor offense. *See Whren v. United States,* 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (traffic stop will be valid as long as a reasonable officer in the same circumstances would have stopped the car); *Green v. State,* 93 S.W.3d 541, 544-45 (Tex.App.-Texarkana, 2002, pet. filed) (violation of Article 544.011 provides probable cause for traffic stop). We overrule Mouton's first point of error.

### D. The Search.

■ In his second point of error, Mouton contends the officer was unjustified in searching Mouton or the white envelope's contents. Mouton contends the envelope "was forcefully taken from him." The State responds the officer acted reasonably in conducting a protective search of Mouton for weapons in light of the circumstances.

Despite Mouton's assertion to the contrary, the record is not clear as to whether Ashby got the envelope from Mouton's hands or from the ground. Ashby did not testify whether he took the envelope from Mouton's hands or off the ground. During cross-examination, Mouton asked Ashby, "You couldn't actually see marijuana in this envelope anyway, could you ... ?.... Without picking it up and opening it?" Ashby responded affirmatively. We believe Ashby's testimony suggests Mouton dropped the envelope before Ashby took possession of it. There is no evidence in the record affirmatively stating Ashby forcibly removed the white envelope from Mouton.

■ The Fourth Amendment does not protect property that has been voluntarily abandoned. *Abel v. United States,* 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). When officers seized abandoned property that has been voluntarily abandoned, no violation of the Fourth Amendment occurs. *Hawkins v. State,* 758 S.W.2d 255, 257 (Tex.Crim.App.1988). Voluntary abandonment occurs if the defendant intended to abandon the property and the decision to abandon the property was not induced by police misconduct. *Brimage v. State,* 918 S.W.2d 466, 507 (Tex.Crim.App.1996) (op. on reh'g).

There is no evidence suggesting Mouton desired to retain the envelope after using it to clean himself. Equally essential is the lack of an indication that Mouton's abandonment of the envelope was the product of police misconduct: the incident was not filmed by the officer's in-car camera, Ashby did not say he ordered Mouton to drop the envelope, and no witnesses testified Mouton abandoned the envelope as a result of Ashby's misconduct. *See id.* Nor does Mouton himself contend he dropped the envelope as a result of police misconduct. Therefore, we believe the weight of the evidence supports a finding that Mouton voluntarily abandoned the white envelope before Ashby retrieved it. *See Ross,* 32 S.W.3d at 856 (reviewing court must afford deference to factual find-

ings that would support the trial court's ruling). As abandoned property, Ashby was free to retrieve the envelope and inspect its contents. *State v. Velasquez*, 994 S.W.2d 676, 679 (Tex.Crim.App.1999) (drugs found in defendant's abandoned luggage are not subject to Fourth Amendment protections). Accordingly, no Fourth Amendment violation occurred as a result of Ashby opening the envelope. Probable cause to arrest existed once Ashby opened the envelope abandoned by Mouton and discovered the marihuana. *See id.* (drugs found in the defendant's abandoned luggage provided probable cause for the arrest). The resulting search of Mouton's person was a lawful search incident to his arrest for the marihuana. The trial court did not err in denying Mouton's Motion to Suppress the cocaine seized from Mouton's person.

■ Mouton further argues the trial court should have suppressed the items seized from his vehicle as the product of an illegal search. The Motion to Suppress filed with the trial court alleges that "no reasonable suspicion nor probable cause existed that the vehicle contained any instrumentalities of a crime or contraband and all items seized [from the car] were seized illegally without a warrant and/or by other legal process." Because he presented this issue in a written motion to the trial court, Mouton preserved this issue for our review. TEX.R.APP. P. 33.1.

■ In a motion to suppress the fruits of a police search, a defendant has the initial burden of proof. *Bishop v. State*, 85 S.W.3d 819, 821 (Tex.Crim.App. 2002). After a defendant shows a warrantless search occurred, the burden shifts to the State to prove a warrant existed or an exception to the Fourth Amendment justifies the warrantless search. *Id.* at 822. If clear and convincing proof justifying the warrantless search is not presented before the trial court, the illegally obtained evidence may not be admitted at trial. *See State v. Ibarra*, 953 S.W.2d 242, 245 (Tex. Crim.App.1997). In the case at bar, it appears the parties agreed a warrantless search occurred, so the State assumed its burden of proving an exception to the Fourth Amendment justified the search of Mouton's vehicle.

■ One exception to the Fourth Amendment prohibition against warrantless searches is a search incident to arrest. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.*, 454 U.S. at 460, 102 S.Ct. 735. In the case at bar, Ashby testified he searched the vehicle following Mouton's arrest. Therefore, the search was permissible under the Fourth Amendment. Though the trial court's denial of Mouton's arrest did not rest on this theory, and though the State failed to argue this exception before the trial court, we are authorized to uphold a trial court's denial of a Motion to Suppress under any theory applicable to the case. A syringe containing a clear liquid substance was found on the driver's side floorboard, a spoon was found between the cupholders in the center console, and Brillo pads were found in the center console. Because an automobile search incident to the driver's arrest is a clear exception to the Fourth Amendment's warrant requirement, we cannot say the trial court abused its discretion by overruling Mouton's Motion to Suppress.

We affirm the trial court's judgment.