# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00515-CR

**Christopher Paul Wyss, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT NO. 8007, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Paul Wyss appeals his conviction for possession of a controlled substance with intent to deliver, "a material, compound, mixture, or preparation in an amount of four grams or more but less than 400 grams, that contained a quantity of 3,4—methylanedioxy methamphetamine." *See* Tex. Health & Safety Code Ann. § 481.113(d) (West 2003).

Appellant waived trial by jury and entered a guilty plea before the trial court to count one of the indictment. The trial court assessed punishment in accordance with a plea bargain at thirty years' imprisonment. Count two (possession of marihuana) and a deadly weapon notice alleged in the second and third paragraphs of the indictment were abandoned by the State.

## POINTS OF ERROR

Appellant advances two related points of error. First, he asserts that the trial court erred in overruling his pretrial motion to suppress evidence "based on violations of art. 1, § 9 of Tex. Const. and arts. 1.06, 18.01-18.22 and 38.23(a) of Tex. Code Crim. Proc." Second, appellant urges that the trial court erred in overruling his motion to suppress evidence "based on violations of the Fourth Amendment of U.S. Const."[1]

After an examination of the record to determine if the trial court abused its discretion in denying the motion to suppress evidence as claimed by appellant, we are confronted at the outset with two questions relating to the merits of appellant's appeal. First, does appellant's pretrial motion to suppress evidence meet the specificity requirements of Rule 33.1(a)(1)(A)? Tex. R. App. P. 33.1(a)(1)(A); *Mayfield v. State*, 800 S.W.2d 932, 935 (Tex. App.—San Antonio 1990, no pet.). Second, does the appellate record show how, when, or where the contraband to which appellant pled guilty of possessing, or any other evidence, was unlawfully obtained or seized, if it was? When a defendant fails to state what evidence, if any, was obtained as a result of an allegedly unlawful seizure, no error is shown in overruling a motion to suppress evidence. *Brennan v. State*, 140 S.W.3d 779, 780-81 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (op. on reh'g) (quoting

---

[1] We note that appellant does not argue or brief the question that article I, section 9 of the Texas Constitution affords him greater protection that is distinct from that of the Fourth Amendment. We will therefore treat these authorities as providing the same protection and consider them jointly insofar as constitutional issues are reached and are involved. *Hulit v. State*, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998); *Johnson v. State*, 912 S.W.2d 227, 233-34 (Tex. Crim. App. 1995); *Franks v. State*, 241 S.W.3d 135, 141 (Tex. App.—Austin 2007, pet. ref'd).

We observe that the points of error themselves do not identify what evidence, if any, was not suppressed by the trial court's denial of the suppression motion.

*Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1990); *Johnson v. State*, 548 S.W.2d 700, 706 (Tex. Crim. App. 1977)).

Appellate courts must use a two-step inquiry when deciding whether to address the merits of a claim regarding the trial court's denial of a pretrial suppression motion prior to entry of a guilty plea. First, the appellate court must identify the "fruits" that the trial court held would not be suppressed. Second, if the identification has been made, the appellate court must determine that these "fruits" have "somehow been used" by the State. If it is not clear from the testimony and exhibits what the "fruits" are, then the appellate court need not address the merits of the claim. Likewise, if the "fruits" have not "somehow been used" by the State, then the appellate court need not address the merits of the claim. *Gonzales v. State*, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998); *Hudson v. State*, 205 S.W.3d 600, 603 (Tex. App.—Waco 2006, pet. ref'd); *Brennan*, 140 S.W.3d at 781; *Badgett v. State*, 79 S.W.3d 581, 584 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

In this case, the motion to suppress evidence is labeled:

> Motion to Suppress Evidence or in the alternative motion to allow Defendant to have a hearing outside the presence of the jury regarding all oral statements, written statements and any items seized pursuant to a search warrant or items seized without a search warrant.

The body of the motion, similar to the suppression motion in *Brennan*, 140 S.W.3d at 781, sought to suppress "all tangible evidence" taken at the time of defendant's arrest "and taken from defendant's vehicle or residence or the vehicle or residence of any other person which the State plans to use against the defendant."

3

The motion also sought to suppress all of the defendant's statements, all scientific evidence taken from the defendant, and all testimony from law enforcement officers, and it also asserted that the defendant was arrested without a warrant. Further, the suppression motion alleged that "if" the search and seizure was made under the authority of a search warrant, the affidavit upon which it was based did not reflect probable cause, that the affidavit and warrant were insufficient in law, and the description of the "premises" in the affidavit and the warrant was legally insufficient. Appellant asked to suppress "all matters seized by law enforcement officers illegally."

The allegations in appellant's suppression motion are conclusory, general in nature, and vague in many other respects. The motion refers to "tangible evidence," "items," and "matters." It does not specify what contraband, if any, was seized by an allegedly illegal search and seizure or arrest, and does not locate or name the alleged "premises" or reflect dates.

In order for a complaint to be preserved for review on appeal, the motion or objection generally must be made to the trial court, stating the grounds "with sufficient specificity to make the trial court aware of the complaint." Tex. R. App. P. 33.1(a)(1)(A); *Krause v. State*, 243 S.W.3d 95, 102 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A pre-trial motion to suppress evidence, *see* Tex. Code Crim. Proc. Ann. art. 28.01(6) (West 2006), is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981); *Hartman v. State*, 198 S.W.3d 829, 839 n.8 (Tex. App.—Corpus Christi 2003, no pet.). Thus, a pretrial motion to suppress evidence must meet all the requirements of Rule 33.1(a)(1)(A), that is, it must be timely and sufficiently specific to inform the trial court of the complaint. *Krause*,

4

243 S.W.3d at 102; *Mayfield*, 800 S.W.2d 935; *see also Parath v. State*, 148 S.W.3d 402, 413 (Tex. App.— Houston [14th Dist.] 2004, no pet.).[2]

It is clear that appellant's motion to suppress evidence did not identify the evidence, if any, seized pursuant to an arrest or a search of a vehicle or residence or otherwise. The motion did not meet the requirements of Rule 33.1(a)(1)(A) as to specificity in order to preserve error for review on appeal.

On August 10, 2007, before appellant entered his guilty plea to the first count of the indictment, appellant requested that the trial court hear his pretrial motion to suppress evidence. It was appellant's initial burden to go forward with the evidence at such hearing. *Pham v. State*, 175 S.W.3d 767, 773 (Tex. Crim. App. 2005); *Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex. Crim. App. 2005); *Krause*, 243 S.W.3d at 102.[3]

---

[2] In *Reha v. State*, No. 14-95-01349-CR, 1997 Tex. App. LEXIS 5114, at *3, *10 (Tex. App.— Houston [14th Dist.] Sept. 25, 1997) (pet. ref'd) (not designated for publication) (citing *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996)), the court held that the motion to suppress did not identify evidence seized pursuant to the defendant's arrest and thus failed to lodge a specific objection as required and failed to preserve a claim for review.

[3] In *Pham v. State*, 175 S.W.3d 767 (Tex. Crim. App. 2005), the Court stated:

> We have long held that "the burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case."

*Id*. at 773. (citations omitted). It is the defendant's initial burden to establish the necessary causal connection on the record before the burden shifts to the State to prove that it complied with the law's requirements. *See id.*; *see also Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex. Crim. App. 2005); *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986) (defendant must produce evidence to defeat the presumption of proper police conduct before the burden shifts to the state).

Appellant did not meet his initial burden. In fact, the hearing was handled in a rather summary fashion. When the suppression hearing commenced, the trial court immediately asked the prosecutor for his comment and then simply stated: "I've read the affidavit for the search warrant, and the motion to suppress is denied." No testimony was heard, no documents or exhibits were introduced, and no arguments were presented.[4] Appellant made no objection to the procedure and took no action in support of his motion. There was no request for findings of fact, and none were filed.[5] Nothing in the suppression procedure reflects what contraband or other evidence, if any, was seized, or under what circumstances.

After the suppression ruling, appellant entered his guilty plea before the trial court after waiving trial by jury. The only evidence introduced was appellant's written judicial confession, which merely tracked the language of the first count of the indictment. This evidence, standing alone, was sufficient to satisfy the statutory requirements in a felony plea of guilty before the

---

The mere filing of a motion to suppress does not impose upon the State the initial burden of showing compliance with the law. *Wilkerson*, 173 S.W.3d at 532. A motion to suppress evidence is a mere pleading, and it is not self-proving, and unless admitted into evidence, it cannot be considered as evidence. *Gonzales v. State*, 977 S.W.2d 189, 190 (Tex. App.—Austin 1998, pet. ref'd).

[4] In *Rodriguez v. State*, 844 S.W.2d 744, 745 (Tex. Crim. App. 1992), the court held that, where no witnesses were called and no evidence was presented at a hearing on a motion to suppress, the trial court was permitted under article 28.01(6) of the Texas Code of Criminal Procedure to determine the merits of the motions "on the motions themselves," subject to the discretion of the trial court.

[5] When the losing party on a motion to suppress evidence *requests* findings of fact and conclusions of law, the trial court must make such findings and conclusions. *See Oages v. State*, 210 S.W.3d 643, 644 (Tex. Crim. App. 2006); *State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006).

trial court that there be sufficient evidence to support the judgment of conviction. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g). Nothing in the guilty plea proceedings sheds any light on what evidence, if any, was obtained as a result of an allegedly unlawful arrest or search and seizure.

Notice of appeal was given and appellant, with different counsel, has filed appellate briefs that give no clue as to this matter either. Appellant has abandoned many of his claims advanced in his broad-based suppression motion, and limits his attack on the overruling of the motion to suppress to the affidavit and search warrant relating to a search and seizure at "a residence located at 1310 CR 3340 in Lampasas County," although this location was not mentioned in the suppression motion or supported by any evidence. Appellant attached to his original appellate brief, a copy of an affidavit and a search warrant. No such documents were shown to have been introduced into evidence and were not a part of the original appellate record.

Affidavits, documents, and other material not supported by the record and merely attached to an appellate brief are not considered on appellate review. *Cook v. State*, 741 S.W.2d 929, 938-39 (Tex. Crim. App. 1987); *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981); *Rodriguez v. State*, 996 S.W.2d 402, 403 (Tex. App.—Waco 1999, no pet.); *Miranda v. State*, 813 S.W.2d 724, 738 (Tex. App.—San Antonio 1991, pet ref'd).[6] Moreover, appellate review is generally limited to evidence that was before the trial court at the time of that court's ruling. *See*

---

[6] Normally, when contesting a search, it is a defendant's burden to see that the affidavit and search warrant used are in the record if they are to be reviewed on appeal. *Moreno v. State*, 858 S.W.2d 453, 461 (Tex. Crim. App. 1993).

*Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *Rachel v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). Recognizing his problem, appellant filed a motion in the trial court to supplement the appellate record with a copy of a search warrant and its supporting affidavit. *See* Tex. R. App. P. 34.5(c)(1). The state filed a motion of "no opposition" and the trial court ordered the district court to supplement the record with the affidavit and search warrant. The documents are now here under certification of the clerk.[7] Apparently, the parties are treating the documents as evidence though never formally introduced and admitted as evidence. *See Amador v. State*, 221 S.W.3d 666, 673-74 (Tex. Crim. App. 2007); *cf. Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (holding that while Texas Rule of Appellate Procedure 34.5(c)(1) permits supplementation of appellate record with material that was omitted from the record, the rule cannot be used to create "new" appellate record).

The issue of the supplementation becomes immaterial. An examination of the search warrant fails to reflect a return thereon and there is no testimony or evidence to show that the search warrant was ever executed, much less what evidence, if any, was found and seized.[8]

From the entire record we are unable to identify what "fruits" that appellant claimed were illegally seized or what "fruits" that the trial court held would not be suppressed. Thus, we

---

[7] The search warrant and its supporting affidavit do not bear file marks of the district clerk's office nor exhibit numbers by a court reporter. Just because a document appears in the clerk's record does not mean it can be considered as part of the appellate record. *See Elam v. State*, 841 S.W.2d 937, 940 (Tex. App.—Austin 1992, no pet.).

[8] The search warrant does not expressly authorize the arrest of appellant or anyone else. There are no provisions authorizing the search of any motor vehicle or a residence belonging to another.

8

need not address the merits of the claims advanced by appellant. *Gonzales*, 966 S.W.2d at 524; *Hudson*, 205 S.W.3d at 603; *Badgett*, 79 S.W.3d at 584.

The identification of evidence obtained as a result of any alleged illegal act is important. An unlawful seizure (detention or arrest) is not, *per se*, cause to reverse a conviction. *See Lyles v. State*, 582 S.W.2d 138, 143 (Tex. Crim. App. 1979). Rather, the sanction imposed against an unlawful seizure is the exclusion of evidence thereby obtained. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). Thus, an unlawful search that produces no evidence of culpability does not violate a conviction. *Stigger v. State*, 506 S.W.2d 609, 611 (Tex. Crim. App. 1974). Article 38.23(a), the Texas exclusionary rule, operates to discourage searches and seizures in violation of the law by imposing serious consequences of exclusion of such evidence so seized. *See Macklin v. State*, 861 S.W.2d 39, 41 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Evidence should be excluded once a causal connection between the illegality and the evidence is established. *Roquemore v. State*, 60 S.W.3d 862, 871, 872 n.15 (Tex. Crim. App. 2001). When appellant, as in this case, has not identified any evidence as the fruit of any illegal search or seizure, he cannot reasonably expect the reviewing court to determine whether the trial court abused its discretion in overruling the pretrial suppression motion.

When the trial court does not make explicit findings of historical fact, as in this case, we review the evidence in the record in the light most favorable to the trial court's ruling and assume that the court made implicit findings of fact supported by the record. *Balentine v. State*, 71 S.W.2d 763, 768 (Tex. Crim. App. 2002). We must affirm the trial court's ruling if it can be upheld on any

9

valid theory of law applicable to the case—even if the trial court did not base *its* decision on the applicable theory. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990); *Wiede v. State*, 157 S.W.3d 87, 94 (Tex. App.—Austin 2005, pet. ref'd).

Under the circumstances of this case, we do not, for the reasons stated, review the merits of the appeal. The trial court did not abuse its discretion in denying the suppression motion.

The judgment is affirmed.

_____
John F. Onion, Jr., Justice

Before Justices Pemberton, Waldrop and Onion*

Affirmed

Filed:   September 5, 2008

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).