

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00662-CR

James Fuller **FITZGERALD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CR-12-112
The Honorable N. Keith Williams, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
    Sandee Bryan Marion, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  July 30, 2014

REVERSED AND REMANDED

James Fuller Fitzgerald argues that the trial court erroneously denied his Motion to Suppress Evidence of Blood Testing Analysis by concluding that section 724.012(b)(3)(B) of the Texas Transportation Code authorized a warrantless blood draw and Fitzgerald's rights were thus not violated under the Fourth Amendment to the Constitution. Because we hold that Fitzgerald's rights under the Fourth Amendment were violated by the warrantless blood draw, we reverse the judgment of the trial court and remand for a new trial.

**BACKGROUND**

At about 12:30 a.m. on August 12, 2012, Fitzgerald was stopped for a traffic violation in Bandera, Texas. The officer observed two open containers of beer in the center console of Fitzgerald's pickup truck. Smelling an odor of alcohol emitting from Fitzgerald, the officer asked Fitzgerald to submit to a series of field sobriety tests. Fitzgerald agreed to the sobriety tests, and the officer determined Fitzgerald was impaired and arrested him for DWI. The officer asked Fitzgerald to provide a breath specimen, but Fitzgerald refused. The officer then looked up Fitzgerald's criminal history and determined Fitzgerald had three previous convictions for DWI. Concluding that a blood draw was mandatory pursuant to section 724.012(b)(3)(B) of the Texas Transportation Code, the officer completed a THP-51 Statutory Authorization–Mandatory Blood Specimen form. A nurse then took a specimen of Fitzgerald's blood without his consent.

Fitzgerald filed a motion to suppress the evidence, arguing that his rights under the Fourth Amendment were violated by the warrantless blood draw. At the suppression hearing, the State stipulated that (1) there was no warrant for the blood draw; (2) Fitzgerald did not provide consent for the blood draw; and (3) there were no exigent circumstances justifying the warrantless blood draw. The State argued that the warrantless blood draw was authorized pursuant to section 724.012(b)(3)(B) of the Texas Transportation Code, and in the alternative, the officer relied in good faith on section 724.012(b)(3)(B) as authorization for the warrantless blood draw. The trial court agreed and denied Fitzgerald's motion to suppress. Pursuant to a plea agreement with the State, Fitzgerald pled guilty to the Class A misdemeanor offense of DWI-2nd. He was sentenced to one year confinement in county jail, probated for two years, a $500 fine, and suspension of his driver's license for one year. Pursuant to the terms of the plea agreement, Fitzgerald reserved his right to appeal the denial of his pre-trial motion to suppress. He now appeals.

**MOTION TO SUPPRESS**

Fitzgerald argues that the trial court erred in denying his motion to suppress because (1) he did not consent to the blood draw, and (2) the blood draw was employed without the benefit of a valid search warrant or a valid exception to the Fourth Amendment's warrant requirement. In particular, Fitzgerald relies on *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), and argues that section 724.012(b)(3)(B) does not constitute a valid exception to the warrant requirement. We agree with Fitzgerald.

Recently, in *Weems v. State*, No. 04-13-00366-CR, 2014 WL 2532299, at *8 (Tex. App.—San Antonio May 14, 2014, pet. filed), we addressed this argument and held that section 724.012(b) is not a valid exception to the Fourth Amendment's warrant requirement. We explained that *McNeely* "clearly proscribed what it labeled *categorical* or *per se* rules for warrantless blood testing, emphasizing over and over again that the reasonableness of a search must be judged based on the totality of circumstances presented in each case." *Weems*, 2014 WL 2532299, at *8 (emphasis in original). "Texas's implied consent and mandatory blood draw statutes clearly create such categories or per se rules that the Supreme Court proscribed in *McNeely*." *Weems*, 2014 WL 2532299, at *8 (citing TEX. TRANSP. CODE ANN. §§ 724.011(a), 724.012(b)). We emphasized that "[t]hese statutes do not take into account the totality of the circumstances present in each case, but only consider certain facts." *Weems*, 2014 WL 2532299, at *8. Thus, to be authorized, a State's warrantless blood draw cannot rely on section 724.012(b) as an exception to the Fourth Amendment's warrant requirement, but must instead be based on a well-recognized exception to the warrant requirement. *See id.*

In this case, the State does not point to a well-recognized exception to the warrant requirement. It only argues that section 724.012(b) authorized the warrantless blood draw. And, in

reviewing the record, there is no evidence showing a valid exception to the Fourth Amendment's warrant requirement.

Alternatively, the State argues the exclusionary rule should not apply because the officer relied in good faith on section 724.012(b) as authorization for the warrantless blood draw. We also rejected this argument in *Weems*. In *Weems*, we recognized that the federal exclusionary rule does not require suppression if an officer relies in good faith on a statute that is later determined to be unconstitutional. *Weems*, 2014 WL 2532299, at *9. However, we noted that constraints do apply to this exception to the federal exclusionary rule. *Id.* Thus, a "statute cannot support objectively reasonable reliance if, in passing the statute, the legislature wholly abandoned its responsibility to enact constitutional laws." *Id.* (quoting *Illinois v. Krull*, 480 U.S. 340, 355 (1987)). "Nor can a law enforcement officer be said to have acted in good-faith reliance upon a statute if its provisions are such that a reasonable officer should have known that the statute was unconstitutional." *Id.* (quoting *Krull*, 480 U.S. at 355). We first noted that section 724.012(b) does not explicitly provide for a warrantless search. *Id.* We then stated that "there is no such good faith exception found in Texas's exclusionary rule—and Texas can provide more protection to a suspect than federal law." *Id.* Article 38.23 provides for an exception to the exclusionary rule only when an officer relies in good faith *upon a warrant* issued by a neutral magistrate based on probable cause. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(b) (West 2005). We explained that article 38.23(b) "says nothing about an officer's reliance in good faith on a statute." *Id.* Thus, we held that the exclusionary rule applied. *Id.* For the same reasons, the exclusionary rule also applies in this case.

Having determined that the trial court erred in denying Fitzgerald's pre-trial motion to suppress that resulted in him entering a plea of guilty pursuant to a plea-bargain agreement, we do not believe we need to conduct a traditional harm analysis. *See McKenna v. State*, 780 S.W.2d 797, 800 (Tex. Crim. App. 1989); *Badgett v. State*, 79 S.W.3d 581, 586 (Tex. App.—Houston

[14th Dist.] 2001, pet. ref'd). However, if such an analysis should be conducted, we note that pursuant to Texas Rule of Appellate Procedure 44.2(a), we cannot determine beyond a reasonable doubt that the trial court's error in denying the motion to suppress did not contribute in some measure to the State's leverage in the plea-bargaining process and thus to Fitzgerald's conviction. *See* TEX. R. APP. P. 44.2(a); *McKenna*, 780 S.W.2d at 800.

Because the warrantless blood draw violated Fitzgerald's rights under the Fourth Amendment, the trial court erred in denying his motion to suppress. We thus reverse the judgment of the trial court and remand for a new trial.

Karen Angelini, Justice

Do not publish